Woodvens THOMAS, Petitioner,

v.

DEPARTMENT OF HOMELAND SECURITY, Respondent.

No. 05–3090–AG.

United States Court of Appeals, Second Circuit.

June 19, 2006.

Susan D. Fitzpatrick, Ossining, New York, for Petitioner.

Gail Y. Mitchell, Assistant United States Attorney (Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York, on the brief), Buffalo, New York, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. B.D. PARKER, Circuit Judges, Hon. DAVID G. TRAGER,* District Judge.

* The Honorable David G. Trager, United States District Judge for the Eastern District of New York, sitting by designation.

48

*SUMMARY ORDER*

Woodvens Thomas petitions for review of a June 8, 2004 order of the BIA that affirmed the January 28, 2004 decision of an immigration judge ("IJ") dismissing Thomas' motion to reopen his immigration removal proceedings. The motion to reopen was premised on changed country conditions; Thomas contends that his removal to Haiti will result in his imprisonment for an indefinite period of time, thereby offending (1) the Eighth Amendment and the right of due process, and (2) the Convention Against Torture.

Our jurisdiction to review a petition to reopen is limited to the review of constitutional questions and issues of law. *See* 8 U.S.C. § 1252(a)(2)(C) & (D); *Xiao Ji Chen v. DOJ*, 434 F.3d 144, 151 (2d Cir. 2006).

(1) The Eighth Amendment is inapplicable to deportation because deportation is not punishment for a crime. *See Browning–Ferris Indus. v. Kelco Disposal*, 492 U.S. 257, 262–263, 109 S.Ct. 2909, 106 L.Ed.2d 219 (1989) (citing *Fong Yue Ting v. United States*, 149 U.S. 698, 730, 13 S.Ct. 1016, 37 L.Ed. 905 (1893)); *see also, e.g., Ex parte Watkins*, 32 U.S. (7 Pet.) 568, 573–574, 8 L.Ed. 786 (1833) ("The eighth amendment is addressed to courts of the United States exercising criminal jurisdiction. . . ."). And the due process claim is without merit; Thomas "points to nothing in the record suggesting that [he] was denied a full and fair opportunity to present [his] claims; nor has [he] established that the IJ or BIA otherwise deprived [him] of fundamental fairness." *Xiao Ji Chen*, 434 F.3d at 155.

(2) Our review of questions of law is limited to a "a narrow category of issues regarding statutory construction." *Xiao Ji Chen*, 434 F.3d at 154 (internal quotation marks and citation omitted); *see also Ramadan v. Gonzales*, 427 F.3d 1218, 1222 (9th Cir.2005). Thomas raises no argument regarding statutory construction; all his contentions are fact-based. Accordingly, we lack jurisdiction to review his petition for review. *See Xiao Ji Chen*, 434 F.3d at 154 (holding that on a petition for review to reopen, an appellate court lacks jurisdiction to "review discretionary and factual determinations").

We have reviewed Thomas' remaining arguments and find them to be without merit. For the foregoing reasons, the petition for review is hereby **DISMISSED.**